Mohammed SHAMEEM; Samshad Begum Shameem; Mohammed S. Shameem; Sharon Sabina Begum, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 06–70505, 06–71650.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 13, 2008.

Taz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., Surell Brady Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Mohammed Shameem, his wife Samshad Begum Shameem, and their children Mohammed S. Shameem and Sharon Sabina Begum, all natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") order denying their motion to reopen removal proceedings based on ineffective assistance of counsel (No. 06–70505), and the BIA's order denying their subsequent motion to reconsider (No. 06–71650). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of motions to reopen and reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petitions for review.

The BIA did not abuse its discretion in affirming the IJ's denial of Petitioners' motion to reopen as untimely because it was filed more than two years after the BIA's January 25, 2002 order. *See* 8 C.F.R. § 1003.23(b)(1) (an alien seeking to reopen proceedings must file the motion to reopen no later than 90 days after the final administrative decision). Petitioners did not demonstrate that they exercised diligence in discovering their former counsel's errors. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes that she suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider because Petitioners did not demonstrate legal or factual error in the BIA's dismissal of their appeal. *See* 8 C.F.R. § 1003.2(b)(1); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004) (BIA's order denying motion to reconsider is reviewed for abuse of discretion).

Contrary to Petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

